JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| ELRADER BROWNING, | Case No. 2:19-cv-00360-SVW-KES |
|---|---|
| Plaintiff, | |
| v. | ORDER DISMISSING ACTION |
| MATTHEW WHITAKER, et al., | |
| Defendants. | |

## I.
## BACKGROUND

In 1988, Elrader Browning ("Plaintiff") was convicted and sentenced in the Central District of California to life without parole. United States v. Browning, 2:87-cr-00571-SVW-1 (C.D. Cal. Aug. 28, 1988), Dkt. 2625. He filed motions challenging his sentence, including a motion under 28 U.S.C. § 2255 raising eight claims of ineffective assistance of counsel. Id., Dkt. 2017 (motion), Dkt. 2091 (order denying).

In 2019, he filed this pro se action in the U.S. District Court for the Southern District of New York. (Dkt. 1.) The New York court found that the action could be construed as either a civil rights action or a motion challenging Plaintiff's criminal

1

sentence under 28 U.S.C. § 2255.  Either way, the New York court concluded, venue was proper in the Central District of California.  Accordingly, the action was transferred to this Court.  (Dkt. 2.)

This Court has an obligation to screen civil rights complaints filed by prisoners before ordering service for purposes of determining whether the action is frivolous or malicious, fails to state a claim on which relief might be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A.  Similarly, the Court must sua sponte dismiss any motion under § 2255 "[i]f it plainly appears from 4 the petition and any attached exhibits that the petitioner is not entitled to relief in the district court…."  Rule 4, Rules Governing § 2254 and § 2255 Cases in the District Courts.  Regardless of whether the present action is construed as a civil rights action or a motion challenging Plaintiff's conviction under § 2255, it must be dismissed.

## II.

## DISCUSSION

**A.** **Plaintiff Fails to State a Civil Rights Claim.**

In 2016, Plaintiff filed a motion in his criminal case arguing that the District Judge failed to make required findings to establish the "types and amounts of drugs."  Browning, 2:87-cr-00571-SVW-1, Dkt. 2406.  The U.S. Attorney's opposition identified Sandra Brown, Lawrence Middleton, and Catherine Ahn as attorneys for the government.  Id., Dkt. 2627.  Plaintiff now brings a civil rights suit against attorneys Brown, Middleton, Ahn, and Acting U.S. Attorney General Whitaker for "false statements" made in the opposition.  (Dkt. 1 at 2.)

Plaintiff alleges that "the Government by way of Defendants would argue that the Court had made the findings for drug amounts."  (Id. at 4.)  He prays for monetary damages.  (Id. at 6.)  Plaintiff's civil rights claims against these Defendants are barred by prosecutorial immunity.  See Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993); Imbler v. Pachtman, 424 U.S. 409, 427 (1976); Lacey v.

2

Maricopa County, 693 F.3d 896, 912 (9th Cir. 2012).

**B.     A Motion Under § 2255 is Barred as Successive.**

Even if the Court were to construe the present action as one under § 2255 challenging Petitioner's criminal sentence (as suggested by the transferor New York court), this Court lacks jurisdiction to consider such a motion. As discussed above in the Background section of this Order, Petitioner has already filed at least one motion challenging his sentence under § 2255. Federal prisoners are generally limited to one petition under § 2255; in order to file a second or successive § 2255 motion, the petitioner must obtain a certificate from the U.S. Circuit Court of Appeal finding that the new motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); see also United States v. Buenrostro, 638 F.3d 720, 726 (9th Cir. 2011). Where a petitioner has not obtained such a certificate from the appellate court, the district court is without jurisdiction to entertain a successive § 2255 motion. United States v. Washington, 653 F.3d 1057, 1065 (9th Cir. 2011).

Plaintiff does not state that he has obtained permission from the Ninth Circuit to file a successive motion under § 2255, and a search of the Ninth Circuit's dockets on PACER does not reveal such an order. Thus, assuming the present action was meant as an action under § 2255, it must be dismissed for lack of jurisdiction.

# IV.
# CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that this action is DISMISSED without leave to amend.

DATED: January 23, 2019

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

KAREN E. SCOTT
United States Magistrate Judge